**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02370-RBJ

ARROW ELECTRONICS, INC.,

    Plaintiff,

vs.

ARROW PARTNERSHIP, LLC,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and consistent with Federal Rule of Evidence 502, Arrow Electronics, Inc., and Arrow Partnership, LLC, (individually "Party" and collectively the "Parties") hereby stipulate to the entry of this Protective Order.

1.    The Parties have reviewed Judge Jackson's Practice Standards, including as they relate to protective orders, the filing of confidential information, and requests for restricting public access to such information. The Parties agree to abide by these practice standards in their filings with the Court.

2.    This Protective Order shall govern the exchange and disclosure of all information which is or has been produced or discovered in this litigation, including but not limited to documents (regardless whether in electronic or hard copy format), deposition testimony, and written discovery responses ("Discovery Materials"). The Parties agree that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Materials exchanged during the

course of this litigation shall be used by the receiving party solely for the prosecution or defense of this litigation.

    3.    As used herein, the following definitions shall apply:

        a)    "CONFIDENTIAL" means any Discovery Materials that are personal or private or confidential information relating to any Party or any Party's employees, managers, or agents (including personal financial information, social security numbers, personal medical information); and

        b)    "ATTORNEYS' EYES ONLY" means any Discovery Materials that:

            (i)    shall be deemed proprietary business information including but not limited to customer, and supplier information and mailing lists including names and addresses and contact information, customer and supplier (including equipment and other suppliers) sales history and account information, company information, tax returns, technical and operational information including protocols, processes, and procedures, not known to the general public; and

            (ii)    if inspection of a Party's computer is permitted, all electronic data, information or documents retrieved from a Party's computers during said inspection will be considered "ATTORNEYS' EYES ONLY" during the inspection.  Within ten (10) business days after the conclusion of the inspection, producing counsel must appropriately designate any data, information, or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," otherwise the receiving Party may treat it as non-confidential subject to the terms of this Protective Order.

        c)    No Discovery Materials shall be regarded as CONFIDENTIAL or ATTORNEYS' EYES ONLY if:

            (i)    it is in the public domain at the time of disclosure as evidenced by a written document or becomes part of the public domain, through no fault of the receiving Party; or

            (ii)    the receiving Party can establish that a written document containing the Discovery Material was rightfully in its possession prior to its disclosure by the producing Party.

4.      Discovery Materials designated as CONFIDENTIAL by a Party may be disclosed only to the following persons (hereinafter referred to as "Qualified Personnel—CONFIDENTIAL"):

(a)     Up to two (2) party representatives identified in advance of receiving the CONFIDENTIAL Discovery Materials Information but only to the extent counsel determines in good faith that the representatives' assistance is reasonably necessary in preparation or trial of this action;

(b)     In-house attorneys employed by the Parties and directly involved in preparation or trial of this action, and their assistants, associates, paralegals, clerks, and employees specifically acting at the direction of the aforementioned in-house attorneys to assist them in preparation or trial of this action;

(c)     All outside attorneys engaged by the Parties, and their assistants, associates, paralegals, clerks, and employees specifically acting at the direction of counsel to assist such counsel in preparation or trial of this action;

(d)     Contractors and vendors specifically engaged for the limited purpose of making copies of Discovery Materials or organizing and processing Discovery Materials;

(e)     The Court, its personnel, and any agents of the Court, including any court reporter or videographer used during trial, hearing, or depositions in this matter;

(f)     Independent experts and consultants retained by any Party whose assistance is necessary in preparation or trial of this action;

(g) At any deposition or hearing in this matter, witnesses (i) whose name appears on the document as having previously sent or received such CONFIDENTIAL Discovery Materials, or (ii) for whom it is clear from other facts and circumstances had prior lawful access to such CONFIDENTIAL Discovery Materials (said witnesses also are subject to this Protective Order);

(h) Any other person expressly agreed to by the producing Party in writing or during the course of a recorded or transcribed deposition or Court hearing;

(i) Any attorney working for an insurance company that may be liable to satisfy all or part of a possible judgment, who is working on this case, and his or her assistants, associates, paralegals, and clerks specifically acting at the direction of the aforementioned attorney to assist in evaluating the case for purposes of providing coverage and/or a defense.

5. Discovery Materials designated as ATTORNEYS' EYES ONLY by a Party may be disclosed only to the persons (hereinafter referred to as "Qualified Personnel— ATTORNEYS' EYES ONLY") identified in the preceding subparagraphs 4(c)-(i) and Christos Yatrakis, Alan Chan, and Mark Thostenson of Arrow Electronics, Inc., and Chan Pollock of Arrow Partnership, LLC.

6. Disclosure shall be made to persons identified in Paragraph 4 or 5 above only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as Exhibit A-Acknowledgement. The terms of this Protective Order shall be explained to such persons by the persons disclosing the Discovery Materials. With the exception of acknowledgments executed by consulting, non-

testifying experts and persons covered by Paragraph 4(b), (c), (e), and (g), each executed acknowledgment shall be promptly served upon the Party whose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials are disclosed.

7.  A Party may designate Discovery Materials as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on all Discovery Materials. All such designations and markings must be applied prior to the time the Discovery Materials are produced to the receiving Party. The receiving Party agrees to maintain the confidentiality associated with any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials at all times.

8.  A Party shall designate Discovery Materials disclosed during any deposition in this matter as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by (i) notifying all Parties either during the deposition or (ii) in writing, within fifteen (15) days of receipt of the transcript, specifying the pages and lines of the transcript which are CONFIDENTIAL or ATTORNEYS' EYES ONLY. Each Party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody, or control.

9.  If a Party seeks to designate CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material as an exhibit, attachment, or otherwise make it a part of any filing with the Court in this matter, the disclosing Party must first meet and confer with the designating Party no later than five (5) business days prior to the filing deadline to discuss de-designating the Discovery Material so that it may be included as part of the public record consistent with Judge Jackson's practice standards. The Parties will not unreasonably withhold consent to de-designate Discovery Materials that contains information material to the merits of the case. If the Parties

cannot reach agreement, the Parties shall set a conference with Judge Jackson to discuss whether a motion to file the documents under seal is needed.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that good cause exists to protect the information from public disclosure.  The attorneys of record also shall make reasonable efforts to redact CONFIDENTIAL or ATTORNEYS' EYES ONLY material and file such redacted copies for the public record.

   10. Nothing in this Protective Order shall be construed as precluding a Party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

   11. Nothing in this Protective Order precludes or limits a Party from viewing, using or disclosing its own CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.

   12. The use of CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

   13. The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission:  (i) that any material or document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is, in fact, CONFIDENTIAL or ATTORNEYS' EYES ONLY; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY; or (iii) with respect to the

authenticity, competency, relevance, materiality, or admissibility of any Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

14. Nothing shall prevent disclosure beyond the terms of this Protective Order if any Party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

15. The attorneys of record are responsible for employing reasonable measures to control access to and distribution of all Discovery Materials exchanged in this litigation.

16. Upon the termination of this litigation, the provisions of this Protective Order shall continue to be binding. In addition to being a Court Order, this document is also a legally binding private contract between and amongst the Parties hereto and shall survive dismissal or other termination of this litigation.

17. Within thirty (30) days after this litigation is terminated, the Parties or any witnesses or other persons having received any Discovery Materials subject to this Protective Order shall return or destroy these items, at the option of the disclosing Party. The Parties may keep attorney work product that refers or relates to any Discovery Materials and a complete set of all documents filed with the Court.

18. If, by inadvertence, a Party produces CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material without CONFIDENTIAL or ATTORNEYS' EYES ONLY designations, the producing Party may request that those materials be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and the receiving Party agrees to treat the Discovery Material as such. The producing Party will reproduce the Discovery Material with appropriate designations. Disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY

Discovery Material prior to receipt of a written notice of the inadvertent disclosure shall not be deemed a violation of this Order. However, the receiving Party shall undertake its best efforts to retrieve all copies of inadvertently disclosed CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material in the possession of persons not authorized by this Order.

19. The Parties also acknowledge and stipulate to the applicability of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 concerning the inadvertent or unintentional disclosure of any documents or information subject to a claim of privilege, protection, or immunity (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).

20. Any Party can challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, or a claim of privilege, by providing timely written notice to the designating Party setting forth the grounds upon which the challenging Party's position rests. A Party may only seek relief from the Court if, after meeting and conferring with counsel for the designating Party, the dispute is unresolved. The Parties may then seek judicial relief consistent with the Local Rules and Judge Jackson's standard practices governing discovery disputes. During the pendency of any such dispute, the challenging Party shall respect the designation or claim made consistent with the terms of this Protective Order.

21. This Protective Order shall not bar any attorney in the course of rendering advice to his or her client with respect to this litigation from conveying to the client general conclusions or observations formed as a result of considering CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or

indirectly, of any Discovery Materials, which disclosure would be contrary to the terms of this Protective Order.

22.     By entering into this Protective Order the Parties do not intend to waive any objections raised in response to discovery or any rights otherwise afforded to the Parties under the Federal and Local Rules of Civil Procedure or Federal Rules of Evidence, nor does this Protective Order in any way obligate any Party to produce any specific documents or records in the future which a Party deems inappropriate for production.

23.     The Parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Protective Order.

February 25, 2016                                   Respectfully submitted,

/s/ Hope Hamilton                                   /s/ Scott W. Johnston
Hope Hamilton                                       Scott W. Johnston
Adam A. Hubbard                                     MERCHANT & GOULD P.C.
HOLLAND & HART LLP                                  3200 IDS Center
1800 Broadway, Suite 300                            80 South 8th Street
Boulder, Colorado 80302                             Minneapolis, MN 55402-2215
Phone: 303-473-2700                                 Phone: 612-371-5274
Fax: 303-473-2720                                   sjohnston@merchantgould.com
HIHamilton@hollandhart.com
AAHubbard@hollandhart.com                           Dana P. Jozefczyk
                                                    MERCHANT & GOULD P.C.
ATTORNEYS FOR PLAINTIFF                             1801 California Street, Suite 3300
                                                    Denver, CO 80202
                                                    Phone: 303-357-1645
                                                    djozefczyk@merchantgould.com

                                                    ATTORNEYS FOR DEFENDANT

SO ORDERED this 26th day of February, 2016.

                                        BY THE COURT:

                                        _____
                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02370-RBJ

ARROW ELECTRONICS, INC.,

    Plaintiff,

vs.

ARROW PARTNERSHIP, LLC,

    Defendant.

## EXHIBIT A – ACKNOWLEDGEMENT

    I, _____, have reviewed the Protective Order entered in the above case and am a person as defined in paragraph 4. I understand and agree to abide by the terms of the Protective Order. I hereby submit to the jurisdiction of the above captioned court for enforcement of that Protective Order. I understand that all Discovery Materials shall not be disclosed or used, pursuant to terms of this Protective Order, and that all such information must be destroyed or returned to the producing party following the resolution of this case. I understand and acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Title: _____

Address: _____

_____

Date: _____      Signature: _____

8512488_1